UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 15 2010 ★

BROOKLYN OFFICE

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

**BERGER ATTORNEY, P.C.**
Bradley Ian Berger (BB 1127)
321 Broadway
New York, New York 10007
(212) 571-1900

Attorneys for Plaintiff
Canute Flo

MATSUMOTO, J.

POHORELSKY, M.J.

| | |
|---|---|
| Canute Flo, | |
| Plaintiff, | **10  5300** |
| - vs. - | INDEX NO. 10-CV-_____ |
| Navillus Tile, Inc. d/b/a Navillus Contracting, Donald O'Sullivan, and John Does #1-10, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Canute Flo, by and through his undersigned attorneys, for his complaint against defendants Navillus Tile, Inc. d/b/a Navillus Contracting, Donald O'Sullivan, and John Does #1-10, alleges as follows:

### THE PARTIES

1.   Plaintiff Mr. Flo is an adult individual residing in the Bronx, New York.

2. Plaintiff Mr. Flo consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Flo's written consent is attached hereto and incorporated by reference.

3. Upon information and belief, defendant Navillus Tile, Inc. d/b/a Navillus Contracting ("Navillus"), is a New York corporation with a principal place of business at 53-18 11th Street, Long Island City, New York.

4. At all relevant times, defendant Navillus has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5. Upon information and belief, at all relevant times, defendant Navillus has had gross revenues in excess of $500,000.00 and has used goods produced in interstate commerce.

6. Upon information and belief, at all relevant times, defendant Navillus constituted an "enterprise" as defined in the FLSA.

7. Upon information and belief, defendant Donald O'Sullivan is an owner or part owner and principal of Navillus, and has the power to hire and fire employees, set wages and schedules, and retain plaintiff's records.

8. Upon information and belief, defendants John Does 1-10 represent the other owners, officers, directors, and/or managing agents of Navillus, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain plaintiff's records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

9. Defendants Navillus, Donald O'Sullivan, and John Does #1-10 constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Flo's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Flo's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## **FACTS**

12. At all relevant times herein, defendants owned and operated a contracting company in New York.

13. From approximately August 20, 2008, through December 9, 2008, Mr. Flo was employed by defendants as a plasterer at various construction sites in New York.

14. Mr. Flo's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive responsibilities or the exercise of independent judgment about matters of business significance.

15. At all relevant times herein, Mr. Flo was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

16. Mr. Flo's hours of work varied, but he routinely worked in excess of 40 hours per week.

17. Mr. Flo was paid $36.00 per hour for all hours worked, regardless of the number of hours he worked in a week.

18. When Mr. Flo asked about being paid overtime, he was told by his supervisor Brandon Murphy, "We don't pay overtime."

19. Defendants willfully failed to pay Mr. Flo the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

20. Mr. Flo was frequently required to work in excess of ten hours per day, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked more than ten hours in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

21. Although Mr. Flo was assigned to perform labor on public works contracts on behalf of defendants, defendants paid Mr. Flo far less than the statutorily-required prevailing wage plus supplemental benefits.

22. Additionally, although Mr. Flo was providing labor to defendants on public works contracts, defendants consistently failed to compensate him for hours worked outside of regular work hours, as specified in the applicable prevailing wage regulations.

23. Eventually, Mr. Flo's supervisor told him that if a union official inquired at the job site, he was to lie to the official and say that he was a member of the union and was being paid overtime.

24. When Mr. Flo refused, he was told that defendants had no more work for him, and he was terminated.

25. Upon information and belief, while defendants employed Mr. Flo and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### COUNT I

### (Fair Labor Standards Act - Overtime)

26. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

27. At all relevant times, defendants employed Mr. Flo within the meaning of the FLSA.

28. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to Mr. Flo for hours he worked in excess of forty hours per workweek.

29. As a result of defendants' willful failure to compensate Mr. Flo at a rate not less that one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and

continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. Due to defendants' FLSA violations, Mr. Flo is entitled to recover from defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law - Overtime)

32. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33. At all relevant times, Mr. Flo was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

34. Defendants willfully violated Mr. Flo's rights by failing to pay him overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in

violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

35. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

36. Defendants' New York Labor Law violations have caused Mr. Flo irreparable harm for which there is no adequate remedy at law.

37. Due to defendants' New York Labor Law violations, Mr. Flo is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

### COUNT III

### (New York Labor Law - Spread of Hours)

38. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times, Mr. Flo was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40. Defendants willfully violated Mr. Flo's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in

violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R § 137-1.7.

41. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

42. Due to defendants' New York Labor Law violations, Mr. Flo is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

**COUNT IV**

**(Breach of Contract - Navillus)**

43. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. Defendant Navillus entered into public works contracts with public entities.

45. As a result, defendant Navillus was obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside regular work hours.

46. Mr. Flo was assigned to work on these public works contracts.

9

47. Defendant Navillus failed to pay Mr. Flo the prevailing wage, including the appropriate premiums specified in the regulations.

48. Defendant Navillus's failure to pay the prevailing wage to Mr. Flo constituted a material breach of their public works contracts.

49. Mr. Flo was a third party beneficiary of the prevailing wage requirements for these public contracts.

50. As a result, Mr. Flo has been damaged, and is entitled to recover from defendant Navillus his unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

### COUNT V

### (Unjust Enrichment - Navillus)

51. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. Defendant Navillus entered into public works contracts with public entities.

53. As a result, defendant Navillus was obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside regular work hours.

54. Upon information and belief, defendant Navillus was compensated under these public works contracts as though it had properly paid the appropriate prevailing wages to Mr. Flo.

55. Defendant Navillus failed to properly pay the full required compensation to Mr. Flo under the public works contracts.

56. As a result, defendant Navillus has been unjustly enriched at the expense of Mr. Flo, and Mr. Flo is entitled to recover from defendant Navillus his unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

### COUNT VI

### (Quantum Meruit - Navillus)

57. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. Mr. Flo provided valuable labor to defendant Navillus.

59. Defendant Navillus has failed to fully compensate Mr. Flo for his labor.

60. As a result, Mr. Flo has been damaged, and is entitled to recover from defendant Navillus his unpaid

compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT VII

### (Fraud - Navillus)

61. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

62. Defendant Navillus had a duty to inform Mr. Flo of the applicable wage rates and supplemental benefits to which he was entitled under the public works contracts on which he was employed.

63. Defendant Navillus intentionally failed and refused to inform Mr. Flo of his legal entitlement to receive wages and supplemental benefits at the prevailing wage rate on public works contracts.

64. Defendant Navillus did so for the purpose of deceiving Mr. Flo and with the intent that Mr. Flo would rely upon its misrepresentations.

65. Defendant Navillus thereby induced Mr. Flo to work for less than the compensation to which he was legally entitled.

66. As a result, Mr. Flo has been damaged, and is entitled to recover from defendant Navillus his unpaid

compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT VIII

### (New York Labor Law – Failure to Pay Wages)

67. Mr. Flo repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. Defendants failed to pay Mr. Flo compensation at the agreed upon regular and overtime compensation rates, and failed to pay Mr. Flo the benefits and wage supplements owed to him.

69. Defendants' failure to pay Mr. Flo at the agreed-upon rates constitutes a violation of, *inter alia*, New York Labor Law §§ 191 and 198.

70. Due to defendants' New York Labor Law violations, Mr. Flo is entitled to recover from defendants his unpaid compensation, liquidated damages, liquidated damages for unreasonably delayed wages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Flo respectfully requests that this Court grant the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law;

c. Compensatory and liquidated damages for failure to pay the "spread of hours" premium;

d. Compensatory and liquidated damages for failure to pay for all of his hours worked;

e. Back pay;

f. Punitive damages;

g. An award of prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other, further, and different relief as this Court deems just and proper.

Dated: November 9, 2010

_____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

/s/ Bradley Berger
_____
Bradley Ian Berger (BB 1127)
BERGER ATTORNEY, P.C.
321 Broadway
New York, New York 10007
(212) 571-1900

Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: November 9, 2010

_____
David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884


/s/ Bradley Berger
_____
Bradley Ian Berger (BB 1127)
BERGER ATTORNEY, P.C.
321 Broadway
New York, New York 10007
(212) 571-1900


Attorneys for Plaintiff

16

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of G & L Plumbing, Inc., and Navillus Contracting and its affiliates to pay me, *inter alia*, for all hours worked and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I have been provided with a copy of a retainer agreement with the law firms of Samuel & Stein and Berger Attorney, P.C., and I agree to be bound by its terms.

_____
Canute Flo

Date: April 27, 2010